# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **ERICKSON PRODUCTIONS, INC. and JIM ERICKSON,** <br><br> Plaintiffs, <br><br> v. <br><br> **NEBRASKA MACHINERY COMPANY,** <br><br> Defendant. | Case No. 8:15-cv-00248-LSC-FG3 <br><br><br> **STIPULATED PROTECTIVE ORDER** |

The parties to this action have moved for entry of a protective order. (Filing 70.) The Court has determined that the terms set forth herein are appropriate to protect the respective interests of the parties, the public, and the Court.

Accordingly,

**IT IS ORDERED:**

**1. Scope.** All information and documents produced in the course of discovery, including initial disclosures, all responses to discovery requests, all deposition testimony and exhibits, other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "Documents"), shall be subject to this Order concerning confidential information as set forth below. The Order is also subject to the applicable rules of procedure and local rules on matters of procedure and calculation of time periods.

**2. Form and Timing of Designation.** A party may designate Documents as confidential and restricted in use and disclosure under this Order by placing or affixing the words "CONFIDENTIAL" on the document in a manner that will not interfere with the legibility of the document. Documents shall be designated CONFIDENTIAL prior to or

at the time of the production or disclosure of the documents. Any document produced by either party prior to entry of this Order may be designated and deemed confidential subject to the terms of this Order by identifying each such document in writing within twenty (20) days of the date this Order is entered. The designation CONFIDENTIAL does not mean that the Document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

Additionally, if the CONFIDENTIAL documents contain highly sensitive trade secrets or other highly sensitive competitive or confidential information and disclosure to another party would result in demonstrable harm to the disclosing party, then the party may add the additional designation of "CONFIDENTIAL – ATTORNEY EYES ONLY" or "HIGHLY CONFIDENTIAL" which shall mean the same thing. Documents designated CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL shall constitute an additional category of protection that carries all of the protections as documents designated CONFIDENTIAL, as well as the additional protections outlined in ¶ 6(c) below.

**3. Documents Which May be Designated CONFIDENTIAL.** Any party may designate Documents as CONFIDENTIAL upon a good faith belief that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial and/or financial information that is not publicly available.

**4. Documents Which May be Designated CONFIDENTIAL – ATTORNEY EYES ONLY.** Any party may designate any document as CONFIDENTIAL –

ATTORNEY EYES ONLY upon a good faith belief that the document contains highly sensitive trade secrets or other highly sensitive competitive or confidential information and disclosure to another party would result in demonstrable harm to the disclosing party. In-house counsel or other attorney employees of the parties shall be deemed parties for purposes of this Protective Order and shall not be deemed "attorneys" for purposes of CONFIDENTIAL – ATTORNEY EYES ONLY designations, except one in-house attorney for each party may have access to Documents designated CONFIDENTIAL – ATTORNEY EYES ONLY but shall not disclose such Documents or their contents to any other in-house counsel or attorney employee of the party in any way.

    **5.**    **Depositions.** Deposition testimony shall be deemed CONFIDENTIAL only if designated as such within thirty (30) days of receipt of the deposition transcript, in writing. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as CONFIDENTIAL. Thereafter, the deposition transcripts and any those portions so designated shall be protected as CONFIDENTIAL, pending objection, under the terms of this Order. However, a party may designate any portion of the deposition as testimony is being taken, in which case any individual not authorized to access Documents with such designation shall leave the room.

    **6.**    **Protection of Confidential Material.**

    **(a)**    **General Protections.** Documents designated CONFIDENTIAL under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶ 6(b) for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any

appeal thereof.

(**b**)     **Limited Third-Party Disclosures.**  The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL Documents to any third person or entity except as set forth in subparagraphs (1)-(5).  Subject to these requirements, the following categories of persons may be allowed to review Documents that have been designated CONFIDENTIAL:

> **(1)** **Counsel.**  Counsel (or the parties and employees and agents of counsel) who have responsibility for the preparation and trial of the action including all in-house counsel;
>
> **(2)** **Parties.**  Parties and employees of a party to this Order;
>
> **(3)** **Court Reporters and Recorders.**  Court reporters and recorders engaged for depositions;
>
> **(4)** **Witnesses.**  Any witnesses in a deposition;
>
> **(5)** **Third-party Neutrals.**  Any arbitrator, mediator, or other alternative dispute resolution facilitator in front of whom the parties agree to appear or are ordered to appear;
>
> **(6)** **Consultants, Investigators, and Experts.**  Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action or proceeding, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

**(7)** **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such other persons shall execute the certification contained in Attachment A, Acknowledgement of Understanding and Agreement to Be Bound.

**(c)** **Disclosure of Documents Designated CONFIDENTIAL – ATTORNEY EYES ONLY**: Counsel for the parties shall not disclose any documents designated CONFIDENTIAL – ATTORNEY EYES ONLY to any other person unless authorized by the producing party in writing, by the terms of this Order, or by further order of the Court.

**(d)** **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as CONFIDENTIAL pursuant to the terms of this Order, and shall take all necessary and reasonable precautions to prevent the unauthorized or inadvertent disclosure of documents designated CONFIDENTIAL – ATTORNEY EYES ONLY to the parties or their employees. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of one (1) year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

**(e)** **Copies.** Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of Documents designated as CONFIDENTIAL under this

Order, or any individual portion of such a document, shall be affixed with the designation CONFIDENTIAL if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases, or lists of documents provided that these indices, electronic databases, or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

 **(f)** All information derived from Documents designated pursuant to this Order is also considered CONFIDENTIAL or CONFIDENTIAL – ATTORNEY EYES ONLY as the Documents from which it was derived.

 **(g)** **Inadvertent Production.** Inadvertent production of any document or information without a designation of CONFIDENTIAL shall be governed by the applicable rules of procedure.

**7.** **Filing of CONFIDENTIAL Documents Under Seal.** The Court highly discourages the manual filing of any pleadings or documents under seal. To the extent that a brief; memorandum or pleading references any document marked as CONFIDENTIAL, then the brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information as provided for by local rule and related filing procedures.

 (a) Before any Document designated pursuant to the terms herein is filed under seal with the Clerk, the filing party shall first consult with the party that produced and designated the Document as CONFIDENTIAL to determine

whether, with the consent of that party, the document or a redacted version of the document may be filed with the Court not under seal.

(b) Where agreement is not possible or adequate, before a Document is filed with the Clerk, it shall be placed in a sealed envelope marked CONFIDENTIAL, displaying the case name, docket number, a designation of what the document is, the name of the party in whose behalf it is submitted, and name of the attorney who has filed the documents on the front of the envelope. A copy of any document filed under seal shall also be delivered to the judicial officer's chambers.

(c) To the extent that it is necessary for a party to discuss the contents of any confidential information in a written pleading, then such portion of the pleading may be filed under seal with leave of Court. In such circumstances, counsel shall prepare two versions of the pleadings, a public and a confidential version. The public version shall contain a redaction of references to Documents. The confidential version shall be a full and complete version of the pleading and shall be filed with the Clerk under seal as above. A copy of the unredacted pleading also shall be delivered to the judicial officer's chambers.

(d) If any party notifies another party that they intend or need to file one or more of the Protected Documents in response to a motion previously filed, the party who filed such motion specifically agrees to provide whatever extension or continuance is necessary to file such response to allow for compliance with paragraph. Specifically, upon reasonable request, the parties

agree to provide an extension or continuance for the filing of any response to any motion to provide appropriate time to comply with applicable law regarding filing such documents under seal.

   8.     **Challenges by a Party to Designation as Confidential.**

All CONFIDENTIAL and CONFIDENTIAL – ATTORNEY EYES ONLY designations are subject to challenge by any party at any time. A party shall not be obligated to challenge the propriety of a CONFIDENTIAL or CONFIDENTIAL – ATTORNEY EYES ONLY designation at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that a party shall at any time object to the designation of any Documents as CONFIDENTIAL or CONFIDENTIAL – ATTORNEY EYES ONLY, the challenging party shall provide the designating party with written notice of such objection, stating the grounds for such objection. Within five (5) business days, the designating party shall set forth in writing the basis for its designation of each challenged document. Thereafter, the parties shall attempt to resolve the dispute in good faith, including by having a meet-and-confer no later than five (5) business days following the designating party's service of the written basis for the designation of each challenged Document. If the dispute over the confidentiality designations is not resolved within five (5) business days of said meet-and-confer, the designating party, or any other party that supports the confidentiality designations at issue, may move or apply to the Court for a ruling on the issue. The designating party or other party supporting the confidentiality designations shall have the burden of establishing that the Documents are properly designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEY EYES

ONLY. If the designating party or such other party fails to move for a ruling on a challenged designation within five (5) business days of the meet-and-confer, the designation shall be waived and the Documents will no longer be deemed designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEY EYES ONLY. Neither this Order nor any party's agreement to entry of this Order shall affect the allocation of burdens on such a motion or provide any basis for supporting a designation of any particular document for protection hereunder. Until the Court has issued a ruling declassifying the Documents in question, such material shall continue to be treated in accordance with its designation in connection with this Order.

9. **Action by the Court.**

Applications to the Court for an order relating to any Documents designated shall be by motion under the applicable rules of procedure and local rules of the Court and any other procedures set forth in the presiding judge's standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

10. **Use of Confidential Documents or Information at Trial.**

The Court shall enter a separate order regarding the use of Documents at trial not inconsistent with the protections on use and disclosure provided herein.

11. **Obligations on Conclusion of Litigation.**

   (a) **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of judgment not subject

to further appeal or after any applicable appeals.

**(b)** **Disposition of Documents.** Within thirty days after dismissal or entry of final judgment not subject to further appeal, all Documents designated under this Order, including copies as defined in ¶ 6(e), and all information derived therefrom shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; OR (2) the party in possession of such document(s) elects to destroy the Documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy Documents, counsel may retain attorney work product, including an index which refers or relates to Documents, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents. This work product shall continue to be CONFIDENTIAL under this Order. An attorney may use his or her work product in subsequent litigation provided that its use does not disclose or use Documents.

**(c)** **Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy Documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

**12.** **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.

**13.** **Persons Bound.** This Order shall take effect when entered and shall be

binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

**DATED December 30, 2015.**

**BY THE COURT:**

**S/ F.A. Gossett**
**United States Magistrate Judge**

**ATTACHMENT A**

**ACKNOWLEDGMENT
AND
AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof; and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the Court herein in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL and CONFIDENTIAL – ATTORNEY EYES ONLY in accordance with the Order solely for the purposes of the above captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____       _____
                                                                                          Signature